**Bledar CUKAJ, Petitioner,**

v.

**Alberto R. GONZALES[1] and United States Citizenship and Immigration Services, Respondents.**

No. 04–3672–ag.

United States Court of Appeals, Second Circuit.

Sept. 25, 2006.

Terence G. Hoerman, Detroit, MI, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

Present RICHARD J. CARDAMONE, DENNIS JACOBS, BARRINGTON D. PARKER, Circuit Judges.

SUMMARY ORDER

Bledar Cukaj, though counsel, petitions for review of the BIA decision affirming

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Immigration Judge ("IJ") Elizabeth Lamb's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Nevertheless, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 16 2003).

As an initial matter, we note that while Cukaj failed to address many of the substantive issues in his case in his brief to the BIA, we retain jurisdiction to consider subsidiary arguments, and arguments by extension, to those raised below. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Because Cukaj's BIA brief at least contained enough argument to put the BIA on notice of the issues now raised, we will consider most of his arguments exhausted pursuant to 8 U.S.C. § 1252(d)(1)—except for his CAT claim, which was not argued to any degree below. *See Gill*, 420 F.3d at 86.

■ The adverse credibility determination, based primarily on the lack of detail in Cukaj's testimony about the Democratic Party, was flawed. Although Cukaj's testimony suggested he was not familiar with the details of the Democratic Party's platform, or that his party participation extended beyond protesting in demonstrations, showing such knowledge is not necessary for an applicant to establish that he identified with a political party, or was persecuted for his participation with the party. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006) (finding that an applicant's inability to demonstrate detailed doctrinal knowledge is an insufficient basis to conclude that he or she did not identify with a particular religion, or was not persecuted for such affiliation). Moreover, the IJ cited only one specific inconsistency in the testimony, regarding dates, which was not supported by the record. While Cukaj did omit one relatively significant detail from direct examination, regarding the receipt of the anonymous threatening letter that allegedly inspired him to leave Albania, this one omission was insufficient to support the adverse credibility finding, standing alone.

■ Moreover, the IJ wrongly concluded that the harm Cukaj described, if believed, did not rise to the level of persecution. Cukaj testified that he and his friends were beaten in a crowd of demonstrators, and on one occasion, he was arrested, detained for ten hours, and beaten. While general harassment falling short of sufficiently extreme misconduct does not constitute persecution, violence and physical abuse are forms of persecution. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). The alleged beatings rise to the level of persecution.

Accordingly, Cukaj demonstrated past persecution, and was entitled to the presumption of a well-founded fear of future persecution. Given the flaws in the adverse credibility finding and the mischaracterization of the beatings as not constituting persecution, remand is required,

because we cannot confidently predict that the agency would reach the same result on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–62 (2d Cir.2006).

For the foregoing reasons, the petition for review if GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are also DENIED as moot.